UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Eileen Grant McGeoghegan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-cv-1382 |
| | ) |
| City of St. Ann, Missouri, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Eileen Grant McGeoghegan (hereinafter "Plaintiff") is a resident of the City of St. Ann (hereinafter "St. Ann"), who engages in political speech by placing a sign advocating for her election on her private property. She wishes to place other political signs on her property as well. On August 2, 2012, she was ordered by a city official to remove a political yard sign that was purportedly in violation of the St. Ann Code's restrictions on political signs.

2. In this case, she challenges St. Ann's restrictions on political signs under the First and Fourteenth Amendments to the Constitution of the United States because they are content-based restrictions on speech that are not narrowly drawn to achieve a compelling government interest. She asserts that any content-based restriction on political speech, as a category, is unconstitutional. Further, the restrictions discriminate against signs bearing political messages by placing time, durational, and size limitations on political signs that are more restrictive than those for signs containing non-political speech. Plaintiff has violated the unconstitutional restrictions and has defied a city official's demand that she remove her sign. She has also

1

refrained from placing additional political signs on her property that do not comply with St. Ann's restrictions because she feared punishment.  Punishment for violation of the sign ordinance includes a fine of at least $5.00 and up to $500.00, as well as up to 90 days imprisonment, for each day the violation exists.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 over Plaintiff's claims of a deprivation of a right, privilege, or immunity secured by the Constitution under color of state law.

4. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's civil action arising under the Constitution of the United States.

5. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1343 to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

6. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of St. Louis.  28 U.S.C. § 1391(b)(2).

7. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in the County of St. Louis and Defendant is located in the County of St. Louis.  E.D.Mo. L.R. 2.07(A)(1), (B)(2).

## PARTIES

8. Plaintiff is a homeowner and resident in the City of St. Ann, which is located in St. Louis County, State of Missouri.

9. Defendant is a municipal corporation and a fourth class city of the State of

Missouri located in St. Louis County.

10. In all respects relevant hereto, officials of Defendant operated pursuant to the official policy and ordinances of St. Ann and under color of state law.

## ORDINANCE AT ISSUE

11. By ordinance, Defendant places limitations on political signs in Chapter 525 of the St. Ann Code. A certified copy of Defendant's Code related to signs is attached hereto as Exhibit A and incorporated herein by reference.

12. Pursuant to St. Ann's Code, political signs may be erected but are restricted to "not over three (3) square feet in size, not more than three (3) feet high[.]"

13. In addition, political signs may not be displayed "more than thirty (30) days before the date of the election, and [must be] removed within five (5) days after the date of the election to which the signs pertain."

14. There are other categories of signs specified by St. Ann's Code that are not restricted in size or are restricted to a much larger size.

15. No other category of signs, including garage sale and holiday signs, has any restriction on when a sign may be erected or must be removed.

16. A violation of a sign restriction is punishable by a fine between $5.00 and $500.00, as well as up to 90 days imprisonment, for each day the violation exists. Pursuant to § 525.140 of the St. Ann Code, the penalty is set forth in § 100.090 of the Code. A certified copy of § 100.090 is attached hereto as Exhibit B and incorporated herein by reference.

## FACTUAL ALLEGATIONS

17. Plaintiff currently serves in the Missouri General Assembly as Representative for District 77.

18.     Because of redistricting, she is currently running to be elected Representative for the new 72nd District.

19.     There are two other candidates competing in the primary election, which will be held on August 7, 2012.

20.     There will be at least two candidates on the ballot for the general election, to be held on November 6, 2012.

21.     Starting on July 31, 2012, Plaintiff placed a political sign on her property that reads "Eileen McGeoghegan, Democrat, A Representative who Cares About People – Paid for by Friends of Eileen McGeoghegan, Treasurer Bob Schrader."

22.     The dimensions of the sign are 3' by 9', for a total area of 27 square feet.

23.     Plaintiff desires to leave the sign in place continuously until at least November 6, 2012.

24.     On August 2, 2012, Plaintiff was told by Steve Garrett, City Attorney for the City of St. Ann, that she must immediately take down her sign because of St. Ann's restrictions on political signs.

25.     Since July 31, 2012, Plaintiff has been in violation of St. Ann's restrictions on political signs although she firmly believes her speech is protected by the Constitution and that St. Ann's demand that she remove her sign violates the First Amendment.

26.     In addition to reasonably fearing punishment for her political speech that has been in violation of the restrictions, Plaintiff has refrained from placing additional political signs on her property that do not comply with St. Ann's restrictions on the size and duration of political signs because she fears punishment.

27. Plaintiff has long expressed her political views by posting signs on her property.

28. Plaintiff wants to continue posting her sign until or past the November 6, 2012 election and to post similar signs in the future.

29. Plaintiff desires to engage in political speech to the extent protected by the Bill of Rights.

## CAUSE OF ACTION

30. Political signs are a form of political speech.

31. Defendant places restrictions on political signs.

32. The First Amendment imposes a bright-line rule against restrictions on political speech.

33. Defendant places greater restrictions on "political" signs than on other types of signs. This constitutes a content-based restriction of speech.

34. Defendant has no compelling justification for its restrictions on political signs or for placing greater restrictions on political signs than on other signs.

35. Defendant's restrictions on political signs are not narrowly tailored to achieving any governmental interest.

36. Defendant's restrictions on political signs constitute an impermissible infringement on Plaintiff's right to speech under the First Amendment to the Constitution of the United States, as incorporated against state and local governments by the Fourteenth Amendment.

WHEREFORE, the Plaintiff prays this Court:

A. Enter declaratory judgment pursuant to 42 U.S.C. § 1983 finding the City of St. Ann's restrictions on political signs unconstitutional;

      B.      Award Plaintiff nominal damages of $1.00;

      C.      Upon proper motion, issue a temporary restraining order enjoining enforcement of the City of St. Ann's restrictions on political signs by Defendant and its agents upon proper application;

      D.      Issue preliminary and permanent injunctions enjoining enforcement of St. Ann's restrictions on political signs by Defendant and its agents;

      E.      Award Plaintiff costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

      F.      Allow such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION OF
      EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

***ATTORNEYS FOR PLAINTIFF***